# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JAGJEET SINGH, | § | |
| *Petitioner*, | § § § | |
| v. | § § | |
| WARDEN, OF ERO EL PASO CAMP EAST MONTANA FACILITY, IN HIS OR HER OFFICIAL CAPACITY; MARY DE ANDA-YBARRA, DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS (ERO), EL PASO FIELD OFFICE, IN HER OFFICIAL CAPACITY; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; TODD M. LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY; AND PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES, IN HER OFFICIAL CAPACITY, | § § § § § § § § § § § § § § § § § § § § | No. 3:26-CV-00534-LS |
| *Respondents*. | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Jagjeet Singh filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion.

**I.    LEGAL STANDARD.**

---

[1] ECF No. 1.
[2] ECF No. 2.

> The elements required to grant a motion for injunctive relief are:
>
> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II. ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Petitioner requests that a temporary restraining order be issued to require Respondents to release him or to provide him with a bond hearing.[8] But the ultimate relief he seeks is also release from custody.[9] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

With respect to Petitioner's request not to be transferred outside of this District,[10] the Court notes that transfer would not impair the Court's jurisdiction over Petitioner's habeas petition. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[11] And, with respect to

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] ECF No. 2 at 14.
[9] ECF No. 1 at 29.
[10] ECF No. 2 at 15.
[11] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)

Petitioner's request not to be removed from the United States,[12] removal from the United States would constitute release from ICE custody, which is the remedy that he seeks. Therefore, the Court will not grant these requests either.

### III.   CONCLUSION

For this reason, Petitioner's motion [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 25, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").
[12] ECF No. 2 at 15.